Submitted July 1, reversed and remanded November 9, 2011

Maria I. BEAUCHATON,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and St. Andrew Legal Clinic,
*Respondents.*

Employment Appeals Board
10AB3252; A147446

266 P3d 148

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent St. Andrew Legal Clinic.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Claimant seeks review of an order of the Employment Appeals Board, asserting that the board erred as a matter of law in concluding that, when claimant quit her job as a legal assistant/paralegal because her former supervisor was stalking her, she voluntarily left work without good cause, and is therefore disqualified from receiving unemployment benefits. We agree with claimant that the board erred by failing to consider the applicability of ORS 657.176(12), which strictly limits the situations in which a person can be disqualified from receiving benefits for leaving work due to being stalked. We therefore reverse and remand for reconsideration.

We draw the facts from the findings of the board, which are supported by substantial evidence. Claimant worked for employer for almost 11 years. For the first two years of her employment, claimant worked for an attorney who annoyed her by frequently visiting her office, touching things on her desk, checking her work, and using her telephone. He never spoke to her, however, and she never spoke to him. In 2001, claimant complained to employer, and employer reassigned claimant and told the attorney to stay away from her. For a time after he was warned, the attorney complied.

Between 2001 and 2010, claimant avoided contact with the attorney by remaining in her office and staying away from common areas. Despite her efforts, she perceived that the attorney continued to keep track of her, although he never spoke to her and she never said anything to him.

Nonetheless, claimant did not again report her concerns to employer until June 1, 2010, when she complained that the attorney had driven by her house several times during the previous weekend, at a very slow rate of speed, while she was working in her garden. Claimant did not ask employer to take any particular action at that time; however, on June 3, 2010, claimant spoke with the office manager, who told claimant that the executive director would speak to the attorney about his behavior.

On June 4, 2010, claimant contacted the Washington County Sheriff's Office and reported that the attorney was stalking her. The responding deputy told claimant that the streets were public and that there was little that could be done to prevent the attorney from driving by her house unless the attorney attempted to make personal contact with her. The deputy suggested that claimant contact her employer, but claimant did not notify employer at that time about her conversation with the deputy or request any further action by employer.

On July 3, 2010, the attorney again drove past claimant's house. Hoping to stop the conduct, claimant quit her job on that day.[1] Employer denied her claim for unemployment benefits, contending that she voluntarily quit her employment without good cause. As noted, the board agreed, explaining that claimant had not met her burden to establish, as required by OAR 471-030-0038,[2] that the situation was of such gravity that she had "no reasonable alternative but to leave work":

> "Claimant presented insufficient evidence to establish that her situation was so serious that she had no reasonable alternative other than to quit work. She testified that she had endured the situation with the particular attorney for eleven years, and it was only after the attorney started driving by her house in 2010 that she felt compelled to leave work. * * * However, claimant also testified that the attorney started to drive by her house seven years ago, and there was nothing in her testimony indicating that the 2010 drive-bys were different from the ones she had previously tolerated. * * * In addition, claimant had the option to tell the executive director or the office manager how disturbed she felt about the 2010 drive-bys and to ask them specifically to deal with the attorney's behavior. In 2001 or 2002, a

---

[1] Claimant subsequently sought and obtained a stalking protective order. In resolution of that matter, the attorney agreed not to drive on claimant's street.

[2] OAR 471-030-0038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * Except as provided in OAR 471-030-0038(5)(g), for all individuals, the reason must be of such gravity that the individual has no reasonable alternative but to leave work."

similar request had caused the attorney to stop his unwelcome behaviors for some period of time. Furthermore, claimant had the reasonable option to seek leave of absence while the employer resolved the situation with the attorney and, if she deemed it necessary, to look for new employment while she remained working for the employer. Claimant did not explore any of her reasonable options to quitting work when she did."

On judicial review, claimant contends that the board erred in evaluating her claim under the general "good cause" standard of ORS 657.176(2)(c) and OAR 471-030-0038(4), rather than considering whether, under ORS 657.176(12), claimant had established that she left work as a victim or possible victim of stalking.

We agree with claimant. ORS 657.176(2)(c) provides:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"* * * * *

"(c)   Voluntarily left work without good cause[.]"

ORS 657.176(12) provides:

"An individual may not be disqualified from receiving benefits under subsection (2)(c) * * * of this section * * * if:

"(a)   The individual * * * is a victim of domestic violence, stalking or sexual assault, or the individual believes that the individual * * * could become a victim of domestic violence, stalking or sexual assault; and

"(b)   The individual leaves work * * * in order to protect the individual * * * from domestic violence, stalking or sexual assault that the individual reasonably believes will occur as a result of the individual's continued employment[.]"

Thus, if claimant was being stalked by her former supervisor, or reasonably believed that she could become a stalking victim, and she quit because she also reasonably believed that doing so was necessary to protect herself from future stalking that would result if she remained with employer, then she could not be disqualified from receiving unemployment benefits because she "voluntarily left work without good cause," as provided in ORS 657.176(2)(c).

OAR 471-030-0150(3) defines "stalking" for purposes of ORS 657.176(12):

"As used in ORS 657.176(12), 'stalking' means:

"(a)   The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person thereby alarming or coercing the other person;

"(b)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)   The repeated and unwanted contact causes the individual or a member of the individual's immediate family reasonable apprehension regarding the personal safety of the individual or the family member."

Despite evidence presented that claimant believed that she was being stalked by her former supervisor and that claimant had in fact obtained a temporary stalking protective order, the board did not address the applicability of ORS 657.176(12) and OAR 471-030-0150(3). Neither the Employment Department nor employer has appeared on judicial review in order to offer an explanation for that failure. We therefore reverse and remand so that the board can address claimant's contention.

Reversed and remanded.